UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DESMOND L. RODGERS,

  Petitioner,

v.

RICHARD T. SMITH,

  Respondent.

Civil Action No. 20-9402 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

  Before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). Respondent filed an Answer, (ECF No. 6), and Petitioner filed a Reply, (ECF No. 12). For the following reasons, the Court will dismiss the Petition without prejudice for failure to exhaust.

## I.  BACKGROUND

  This case arises from Petitioner's pre-trial detention at the Cumberland County Jail. Petitioner contends that the COVID-19 pandemic and Respondent's failure to control the outbreak at the jail, violates his "right to be free from punitive conditions of confinement." (ECF No. 1, at 7).

  By way of background, in December of 2019, the State of New Jersey charged Petitioner under several complaints with:

> second-degree Possession of a Firearm for Unlawful Purpose, second-degree Unlawful Possession of a Handgun, third-degree Terroristic Threats, second-degree Possession of a Weapon by a Certain Person, third-degree Terroristic Threats, third-degree Possession of a Controlled Dangerous Substance, disorderly persons Possession of Marijuana, and disorderly persons Possession of Drug Paraphernalia with Intent to Use.

(ECF No. 6, at 3–4 (citing ECF No. 6-2)).

On December 14, 2019, the State filed a motion for pretrial detention. Following a hearing, the New Jersey Superior Court found that no amount of bail or non-monetary release conditions would reasonably assure Petitioner's appearance in court, the safety of the victims and the community, or that Petitioner would not obstruct or attempt to obstruct justice. Consequently, that court ordered Petitioner's pretrial detention. Petitioner appealed that detention order, and the New Jersey Superior Court, Appellate Division, affirmed on January 6, 2020. (ECF Nos. 6-7, 6-8).

On March 18, 2020, Petitioner, through his public defender, filed a motion to reopen detention based on Covid-19 concerns, and the trial court denied that motion. (ECF No. 6-15). Petitioner did not appeal that order and does not appear to have filed any further appeals.

On or about July 24, 2020, Petitioner filed the instant Petition, arguing that the conditions of his confinement are unconstitutional and seeking his immediate release. (ECF No. 1). He contends that he and other detainees are at risk of daily exposure because: (1) there is insufficient Covid-19 testing for staff and detainees; (2) there are insufficient cleaning supplies; (3) the inmates cannot social distance; and (4) the "facility is the perfect breeding grounds for Covid-19 and . . . it's definitely in this building." (ECF No. 1, at 7). Petitioner also states that he already suffered Covid-19 symptoms in January of 2020, alleging that he experienced fever, fatigue, and a loss of taste and smell. Respondent filed an Answer opposing relief, (ECF No. 6), and Petitioner filed a Reply, (ECF No. 12).

## II.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b). A court addressing a petition

for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243.

Thus, "[f]ederal courts . . . [may] dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856. More specifically, a district court may "dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### III.   DISCUSSION

Respondent contends that the Court should dismiss this matter for Petitioner's failure to exhaust his state court remedies and alternatively, that the Court should deny the Petition on the merits. In his Reply, Petitioner addressed the merits, but did not address the issue of exhaustion.

Generally, for state prisoners, federal habeas corpus is substantially a post-conviction remedy. *Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975). Although this court has "jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court," *see id.*, courts must exercise that jurisdiction "sparingly" in order to prevent federal pretrial interference of "the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445–46).

As a result, district courts should not exercise jurisdiction at the pretrial stage without the exhaustion of state court remedies, unless the detainee presents extraordinary circumstances. *See id.*; *Jackson Bey v. Daniels*, No. 19-16374, 2019 WL 4749822, at *1 (D.N.J. Sept. 27, 2019). Exhaustion requires a petitioner to have fairly presented each federal ground raised in their petition

3

to each level of the New Jersey courts, including the Supreme Court of New Jersey. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Muhammad v. Cohen*, No. 12-6836, 2013 WL 588144, at *2 (D.N.J. Feb. 13, 2013).

Stated differently, without extraordinary circumstances, a district court should only exercise its pretrial habeas jurisdiction if the "petitioner makes a special showing of the need for such adjudication *and* has exhausted [his] state remedies." *Daniels*, 2019 WL 4749822, at *1 (emphasis added) (citing *Moore*, 515 F.2d at 443; *Sampson v. Ortiz*, No. 17-1298, 2017 WL 4697049, at *2 (D.N.J. Oct. 19, 2017)).

With those principles in mind, Petitioner has not exhausted his state court remedies on these claims. Although Petitioner raised some Covid-19 related claims at the trial court level through a motion to reopen pretrial detention, he did not appeal the denial of that motion to the Appellate Division or to the Supreme Court of New Jersey.

Despite Respondent raising the issue of exhaustion, Petitioner fails to address, explain, or justify his failure to exhaust anywhere in his Reply. (ECF No. 12). Nor does the Petition allege any extraordinary circumstances that would justify pretrial habeas jurisdiction or provide any basis for the Court to intervene in Petitioner's state criminal proceedings. *See Ashford v. Briggs*, No. 20-01118, 2020 WL 5548716, at *3 (M.D. Pa. Sept. 16, 2020) (finding that Covid-19 related issues do not constitute extraordinary circumstances); *Galloway v. Walton*, No. 20-611, 2020 WL 3977376, at *1 (W.D. Pa. July 14, 2020) (same); *Milbourne v. Smith*, No. 20-0012, 2020 WL 2744608, at *3 (D.N.J. May 27, 2020) (same).

Just as Petitioner seeks emergency relief before this Court, he could have sought emergency relief before his trial court, appealed his pretrial detention order to the Appellate Division, or otherwise challenged the conditions of his confinement in the state courts. *See Malloy*

4

*v. Dist. Attorney of Montgomery Cty.*, No. 20-1804, 2020 WL 2571170, at *3 (E.D. Pa. May 21, 2020) (dismissing a petition for failure to exhaust, in a Covid-19 case, where the "Petition contains no suggestion that Petitioner has attempted to exhaust the state court process through emergency motion or petition to the state trial or appellate courts."); *see also Bussinger v. Gramp*, No. 20-5600, 2020 WL 2989080, at *2 (D.N.J. June 3, 2020).

As Petitioner has failed to exhaust his state court remedies and there are no extraordinary circumstances, the Court declines to exercise pretrial habeas jurisdiction and will dismiss the Petition.

## IV.     CERTIFICATE OF APPEALABILITY

Under our jurisprudence, federal prisoners do not require a certificate of appealability to appeal decisions arising from petitions under 28 U.S.C. § 2241. *See, e.g.*, *Day v. Nash*, 191 F. App'x 137, 139 (3d Cir. 2006). State pre-trial detainees, however, must obtain a certificate of appealability to challenge "the final order in a habeas corpus proceeding in which the detention complained of arises out of a process issued by a State court." 28 U.S.C. § 2253(c)(1)(A); *Stepney v. Anderson*, No. 20-2476, 2020 WL 2079241, at *2 (D.N.J. Apr. 29, 2020).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Based on the discussion above, jurists of reason would not find it debatable that Petitioner has failed to exhaust his state court remedies and that the Court should not exercise pretrial habeas jurisdiction. Consequently, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition without prejudice for failure to exhaust. A certificate of appealability shall not issue. An appropriate Order follows.

DATED: October 16, 2020

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge